UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LULZIM SINANAJ, | CASE NO. C26-0608-KKE |
| Petitioner(s), | ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondent(s). | |

Petitioner Lulzim Sinanaj has been detained since shortly after he entered the United States in October 2024, and has received notice of the Government's[1] intent to remove him to Montenegro, where he is a citizen. Dkt. No. 5 ¶¶ 4, 21, 22, 23. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention has become indefinite and that he has not been provided with an opportunity to present a claim of fear of persecution or harm upon removal to Montenegro. Dkt. No. 1. Although the Court finds that his detention is not indefinite because removal is imminent, the Court will order that, before he is removed to a third country, Petitioner is entitled to an opportunity to express fear of persecution or harm in that third country.

---

[1] This order refers to the Federal Respondent—the U.S. Department of Homeland Security ("DHS") Secretary—generally as "the Government." Consistent with Federal Rule of Civil Procedure 25(d), Markwayne Mullin is hereby substituted for Alejandro Mayorkas as Respondent.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

## I.    BACKGROUND

Petitioner is a native and citizen of Kosovo, as well as a citizen of Montenegro.  Dkt. No. 5 ¶ 3.  After Petitioner entered the United States in October 2024, he was stopped by United States Border Patrol, detained, and initially processed for expedited removal.  *Id*. ¶ 4–5.  Petitioner claimed fear of removal to Kosovo, and he was referred for a credible fear interview with United States Citizenship and Immigration Services ("USCIS").  *Id*. ¶ 5.  USCIS found Petitioner's fear credible, and Petitioner was then scheduled for standard removal proceedings, during which Petitioner filed an application for relief.  *Id*. ¶¶ 6–7.  In May 2025, the immigration judge ordered Petitioner removed from the United States, but granted withholding of removal to Kosovo.  *Id*. ¶ 8.

In August 2025, Petitioner disclosed that he is also a citizen of Montenegro and has a valid Montenegro passport.  Dkt. No. 5 ¶ 10.  After the Government notified Petitioner of an intent to remove him to Uganda, he requested removal to Montenegro.  *Id*. ¶ 14.  Petitioner's brother mailed his Montenegro passport to the Government, and it was received in December 2025.  *Id*. ¶¶ 17–20.  The Government provided written notice to Petitioner in February 2026 of its intent to remove him to Montenegro, and renewed that notification on March 10, 2026.  *Id*. ¶¶ 21, 22; Dkt. No. 7.

On February 19, 2026, Petitioner filed a habeas petition.  Dkt. No. 1.  The petition is now fully briefed and ripe for resolution.  For the following reasons, the Court will grant the petition.

## II.    ANALYSIS

### A.    Legal Standards

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*,

411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id.* § 1231(a)(6). "[A noncitizen] ordered removed who is inadmissible …, removable[,] … or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]" *Id.*

However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699. "A statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] … [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

In challenging detention through a habeas petition, the petitioner bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Once that showing is made, the Government "must respond with evidence sufficient to rebut that showing." *Id.* If the Government

fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

**B.    The Court Denies Without Prejudice Petitioner's Request for Release, but Grants Petitioner's Request for Additional Process Before Removal to a Third Country.**

Having been detained for over six months, Petitioner's detention is no longer "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. However, because the Government notified Petitioner on February 23, 2026, of its intent to remove him to Montenegro, and has "scheduled [him] for removal to Montenegro" no earlier than March 12, 2026 (Dkt. No. 5 ¶ 23, Dkt. No. 7), Petitioner has not met his initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Under these circumstances, it appears as though Petitioner's removal is imminent, and he is thus not entitled to release under *Zadvydas* at this time.[2]

Nonetheless, the Court finds that Petitioner is entitled to an opportunity to contest removal to a third country if he has a fear of persecution or torture in that country. Dkt. No. 1 at 7. Where the Government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply both with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause. *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, __ F. Supp. 3d __, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings."). To comply with due process, the Government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third country. *Id.* The INA prohibits ICE from

---

[2] Nothing in this order prevents Petitioner from renewing his request for relief in the event that he is not ultimately removed as intended.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 4

removing a noncitizen to any country where their "life or freedom would be threatened … because of [their] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The Government must "make a determination regarding a noncitizen's claim of fear before deporting him." *Aden*, 409 F. Supp. 3d at 1010; 8 U.S.C. § 1231(b)(3)(A). Multiple courts in this district have held that, if a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through reopened removal proceedings before an immigration judge. *Nguyen v. Scott*, 796 F. Supp. 3d 703, 739 (W.D. Wash. 2025); *Aden*, 409 F. Supp. 3d at 1011; *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *3–4 (W.D. Wash. Oct. 23, 2025).

Here, the Government has presented evidence that it has indeed notified Petitioner of a third-country removal to Montenegro on multiple occasions (Dkt. No. 5 ¶¶ 21, 22; Dkt. No. 6-6; Dkt. No. 7), but has not stated that Petitioner has had an opportunity to claim fear of persecution or torture there. Although the Government notes in its March 6, 2026 return that Petitioner has not claimed fear of removal to Montenegro (Dkt. No. 4 at 4, 7), it does not state that Petitioner has been provided an opportunity to do so, and Petitioner states that he has not been provided this opportunity. *See* Dkt. No. 8 at 2. The habeas petition filed on February 19, 2026, references Petitioner's fear of "violence, intimidation, and harassment [in Montenegro] based on his sexual orientation" and contends that Petitioner lacks access to an "available forum for review" of "the legality of third-country removal[.]" Dkt. No. 1 at 5, 7. Petitioner's traverse indicates that he "has communicated his fear of harm in Montenegro based on his sexual orientation, yet has not been provided any formal protection screening." Dkt. No. 8 at 5.

The Court finds the reasoning in *Aden* to be persuasive, and further finds that Petitioner has not been provided the protections that due process, and the INA, require in this situation. Thus, the Court will grant Petitioner's request for relief. Should the Government take steps to remove

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5

Petitioner to any country other than Kosovo, it must provide Petitioner with a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).  *Nguyen,* 796 F. Supp. 3d at 727 ("'[B]oth the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims.' This cannot be satisfied by simply allowing the noncitizen to file a motion to reopen their removal proceedings; rather, the removal proceedings must be reopened so that a hearing can be held." (quoting *Aden*, 409 F.Supp.3d at 1010–1011)).

### III.   CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Petitioner's habeas petition.  Dkt. No. 1.  Petitioner's request for release under *Zadvydas* is denied without prejudice, but the Court grants Petitioner's request for relief as to his removal to a third country. The Court ORDERS that before the Government takes steps to remove Petitioner to a country other than Kosovo, it must provide him with written notice of its intent to do so as well as a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).

Dated this 12th day of March, 2026.

Kymberly K. Evanson
United States District Judge